**Noah Horst**, OSB No. 076089
Email: noah@lmhlegal.com
Levi Merrithew Horst PC
610 SW Alder Street, Suite 415
Portland, Oregon 97205
Telephone: (971) 229-1241
Facsimile: (971) 544-7092

**Timothy Volpert**, OSB No. 814074
Email: tim@timvolpertlaw.com
Tim Volpert PC
3439 SE Hawthorne Blvd. #343
Portland, Oregon 97214
Telephone: (503) 703-9054

**Attorneys for Plaintiffs**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ASHLEY FATU; DESHE MANGUM;**<br><br>   Plaintiffs,<br><br> vs.<br><br>**INTERSTATE MANAGEMENT COMPANY LLC;**<br><br>   Defendants. | Case No. 3:22-cv-01020-SB<br><br>PLAINTIFFS' FIRST AMENDED COMPLAINT FOR UNLAWFUL DISCRIMINATION IN PLACE OF PUBLIC ACCOMMODATION UNDER ORS § 659A.403; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>Prayer: $350,000 (per plaintiff)<br>Fee Authority: ORS § 21.160<br><br>JURY TRIAL DEMANDED |

PLAINTIFFS' FIRST AMENDED COMPLAINT - 1
(Case No. 3:22-cv-01020-SB)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

Plaintiff demands a jury trial and alleges:

PARTIES

1. Defendant Interstate Management Company LLC (hereinafter "InterstateManagement") is a limited liability company with its principal place of business in Plano, Texas. Defendant Interstate Management operated and managed Residence Inn Portland Airport at Cascade Station, located at 9301 NE Cascades Parkway, Portland, Multnomah County, Oregon, at all times material to this Amended Complaint.

2. Plaintiffs are Black persons and are residents of Portland, Multnomah County, Oregon.

3. Plaintiff Ashley Fatu booked a room at the Residence Inn Portland Airport at Cascade Station for the night of November 2/3, 2019. She booked the room so that Deshe's five- and twelve-year-old children could swim and have a sleepover for Cordae Mangum's 5th birthday.

4. Plaintiffs checked in and paid, were assigned a room, and given room keys which allowed entry to the room.

5. At approximately 6:45 a.m. on November 3, 2019, as plaintiffs were sleeping, they were startled awake by loud, aggressive pounding on their hotel room door. Plaintiffs woke up and Ashley Fatu opened the door. Two large white menwere standing outside. They did not identify themselves. They were not wearing anything identifying them as Interstate Management employees and they did not identify themselves as such. One of the white men shouted, "What are you doing here?" The two men then questioned, accused, and interrogated plaintiffs like they had broken the law which scared and intimidated plaintiffs. The two employees at the door were, in fact, employees or agents of Interstate Management, acting in the course and scope of their employment.

PLAINTIFFS' FIRST AMENDED COMPLAINT - 2
(Case No. 3:22-cv-01020-SB)

Levi Merrithew Horst PC
610 SW Alder St. Suite 415
Portland, OR 97205
T: 971.229.1241 | F: 971.544.7092

6. Plaintiff Ashley Fatu retreated into her room, called the front desk, and reported the conduct of the two employees of Interstate Management Another Interstate Management employee on the other end of the phone simply said: "You're under investigation."

7. Plaintiffs Ashley Fatu and Deshe Mangum both then went down to the front desk in the hotel lobby and explained to Interstate Management employees what was happening to plaintiffs and their children. That employee refused to make eye contact with them and refused to speak to them directly. Plaintiff Ashley Fatu asked to speak with a manager and was told there was no manager.

8. Interstate Management employees interrogated plaintiffs Ashley Fatu and Deshe Mangum in the open lobby area with other white customers within earshot, implying that they were criminals. Plaintiffs were asked in a menacing and accusatory tone, "Who are you?" and "How did you get into the suite?" and suggested that plaintiffs were homeless. The white customers stared at plaintiffs during this interrogation.

9. Plaintiff Ashley Fatu presented her confirmation email and the room key, but Interstate Management employees refused even to acknowledge the documentation, much less actually review it. Instead, Interstate Management employees interrogated plaintiffs Ashley Fatu and Deshe Mangum about a coupon they had used for their room and suggested plaintiffs had committed fraud. The Interstate Management employees asked: "How did you get a suite upgrade?" White customers of the Inn watched the accusations being made. No one stepped in and tried to help plaintiffs.

10. On information and belief, defendants do not treat similarly situated White customers like they treated plaintiffs as alleged above.

FIRST CLAIM FOR RELIEF
UNLAWFUL DISCRIMINATION IN PLACE
OF PUBLIC ACCOMMODATION UNDER ORS § 659A.403

11. Plaintiffs reincorporate the allegations in paragraphs 1-11 above.

12. The above-described Residence Inn Portland Airport at Cascade Station is and at all times mentioned herein has been a place of public accommodation within the meaning of ORS 659A.400.

13. At least part of the motivation for the above-described conduct on the part of the above-described Interstate Management employees was plaintiffs' race.

14. The above-described conduct violates ORS 659A.403, which prohibits discrimination in places of public accommodation on account of race.

15. As a result of the above-described discrimination, plaintiffs suffered, continue to suffer, and may permanently suffer from feelings of racial stigmatization, humiliation, embarrassment, pain, suffering, and anger, all to their noneconomic damage in an amount not to exceed for each plaintiff $350,000. This amount may change depending on whether plaintiffs' conditions improve, persist, or worsen.

16. Plaintiff is entitled to reasonable attorney fees pursuant to ORS 659A.885

17. Plaintiff intends to move to amend his complaint to seek punitive damages.

## SECOND CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

18. Plaintiffs reincorporate the allegations in paragraphs 1-18 above.

19. By their actions described above, defendants intended to and did knowingly inflict severe mental and emotional distress on plaintiffs. Alternatively, defendants knew that the plaintiffs' mental and emotional distress was certain or substantially certain to result from defendants' conduct.

20. Defendant's acts described above in fact caused plaintiffs severe mental or emotional distress.

21. Defendants' acts described above consisted of extraordinary transgressions of the bounds of socially tolerable conduct and exceeded any reasonable limit of social toleration.

PLAINTIFFS' FIRST AMENDED COMPLAINT - 4
(Case No. 3:22-cv-01020-SB)

**LEVI MERRITHEW HORST PC**
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

WHEREFORE, plaintiffs pray for judgment against defendants in an amount not to exceed $350,000 per plaintiff in noneconomic damages and for plaintiffs' costs, disbursements and attorney fees necessarily incurred herein.

DATED this 13th day of July, 2023.

| | |
|---|---|
| By: /s Noah Horst<br>Noah Horst, OSB #076089<br>610 SW Alder St. Ste. 415<br>Portland, OR 97205<br>noah@lmhlegal.com<br>P. 971.229.1241<br>Of Attorneys for Plaintiff | By: /s Timothy R. Volpert<br>Timothy Volpert, OSB #814074<br>3439 SE Hawthorne Blvd. #343<br>Portland, OR 97214<br>tim@timvolpertlaw.com<br>P. 503.703.9054<br>Of Attorneys for Plaintiff |

PLAINTIFFS' FIRST AMENDED COMPLAINT - 5
(Case No. 3:22-cv-01020-SB)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092